UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERMAINE CORTEZ PATE, | ) |
| Petitioner, | ) |
| v. | ) No. 4:25-cv-1539-CMS |
| CITY OF CUBA, MISSOURI, et al., | ) |
| Respondents. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Petitioner Jermaine Cortez Pate's response to the Court's January 13, 2026 order to show cause. ECF No. 23. Having carefully reviewed the response, the Court concludes his arguments are without merit, the instant action is time-barred under 28 U.S.C. § 2254, and the petition should be summarily dismissed.

**Background**

On May 15, 2014, Petitioner was found guilty of robbery in the first degree and armed criminal action. *State of Missouri v. Pate*, No. 13SL-CR01396-01 (21st Jud. Cir., St. Louis County).[1] On July 2, 2014, Petitioner was sentenced to 13 years in the Missouri Department of Corrections on each count, to run concurrently. On July 9, 2014, Petitioner filed a direct appeal. The Missouri Court of Appeals for the Eastern District affirmed the judgment of the circuit court and issued the mandate on October 9, 2015.

On December 31, 2015, Petitioner filed a timely amended motion to vacate, set aside, or correct the judgment or sentence pursuant to Missouri Supreme Court Rule 29.15. *Pate v. State*

---

[1] Petitioner's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

*of Missouri*, No. 15SL-CC04466 (21st Jud. Cir., St. Louis County). The circuit court denied the amended motion on February 1, 2017. Petitioner filed a notice of appeal on March 13, 2017. The Missouri Court of Appeals for the Eastern District affirmed the judgment of the circuit court and issued the mandate on April 20, 2018. Petitioner did not file a motion for rehearing or a motion to transfer to the Missouri Supreme Court.

Petitioner filed the instant action on September 16, 2025, in the Western District of Missouri. ECF No. 1. The Western District transferred the case to this Court on October 15, 2025. ECF No. 9. On January 13, 2026, the Court ordered Petitioner to show cause as to why his petition should not be dismissed as time-barred. ECF No. 23. Within the order, the Court explained why his petition appeared untimely. Petitioner's conviction and sentence were affirmed on direct appeal, and the mandate was issued on October 9, 2015. The statute of limitations began to run on this date. Petitioner filed a motion for postconviction relief pursuant to Missouri Supreme Court Rule 29.15 on December 31, 2015, which tolled the statute of limitations. At that time, 83 days had run on the statute of limitations. Petitioner's Rule 29.15 motion was denied on February 1, 2017. He filed an appeal, which was dismissed by the Missouri Court of Appeals and the mandate was issued on April 20, 2018. From that time, Petitioner had 282 days to timely file a § 2254 petition for writ of habeas corpus. That period ended on January 29, 2019. Petitioner did not file the instant action until September 16, 2025, well over six years after the one-year statute of limitations terminated.

**Legal Standard**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides for preliminary review of a 28 U.S.C. § 2254 petition before directing the respondent to answer. Specifically, the rule states that "[i]f it plainly appears from the petition and any attached

2

exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk of court to notify the petitioner."

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress established a one-year statute of limitations period for petitioners seeking federal habeas relief from state court judgments. *Finch v. Miller*, 491 F.3d 424, 426 (8th Cir. 2007). This one-year statute of limitations begins to run on the latest of four alternative dates. *Jihad v. Hvass*, 267 F.3d 803, 804 (8th Cir. 2001). Relevant here is the provision stating that a habeas petitioner has one year from the date his judgment becomes final to file his federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A).

The United States Supreme Court has held that a judgment becomes final under § 2244(d)(1)(A) when the time for seeking review in the state's highest court expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Under Missouri state court procedures, post-conviction relief proceedings are not final until the issuance of the mandate. *Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006) (determining that petitioner's petition, filed exactly one year after the issuance of mandate in his post-conviction case, was timely).

## Discussion

Petitioner submitted a lengthy response to the Court's show cause order. The first two pages discuss case law that is applicable when a trial court enters a new judgment, such as a resentencing. This is inapplicable here, as there has been no new judgment or resentencing in Petitioner's case.

Petitioner then goes on to discuss several different grievances he has with the original trial. For example, he complains that his trial counsel had a conflict of interest and that the sentence was premature as there was still a pending pre-trial motion at the time he was

sentenced. These facts do not toll the statute of limitations. In the long list of Petitioner's complaints, he provides no reason why he could not have timely filed his petition prior to January 29, 2019. Most of his complaints relate to his trial and sentencing which occurred in 2014, with issues he was aware of at the time.

In his response, Petitioner does not dispute that his petition is time-barred and does not provide a valid basis for any tolling. His complaints about his trial counsel and his sentencing do not permit his late filing. Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. Here, Petitioner is not entitled to relief because this action is untimely.

## Certificate of Appealability

The Court has considered whether or not to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court."). In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has not made such a showing, and the Court will not issue a certificate of appealability.

4

Accordingly,

**IT IS HEREBY ORDERED** that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED** and **DISMISSED** without prejudice as untimely. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 29th day of January, 2026.

```
_____
CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE
```

Case: 4:25-cv-01539-CMS   Doc. #:  26   Filed: 01/29/26   Page: 5 of 5 PageID #: 149